# United States District Court

| SOUTHERN | DISTRICT OF | TEXAS |
|---|---|---|

McAllen Division

UNITED STATES OF AMERICA
V.
**Daina Darlene Loper**
YOB: 1993
COC: United States

*Name and Address of Defendant*

## CRIMINAL COMPLAINT

Case Number: M-19-1118-M

I the undersigned complainant, state the following is true and correct to the best of my knowledge and belief. On or about **May 15, 2019** in **Hidalgo** County, in the **Southern** District of **Texas** defendant(s) did,

knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law and brought the alien for the purpose of commercial advantage or private gain,

in violation of Title **8** United States Code, Section(s) **1324(a)(1)(A)(ii) & 1324(a)(2)(B)(ii)**

I further state that I am a(n) **Customs and Border Protection Officer** and that this complaint is based on the following facts:

See Attachment

Continued on the attached sheet and made a part of this complaint: ☐ Yes ☒ No

Sworn to before me and subscribed in my presence,

Approved by Amy L. Greenbaum 5/16/19
Approved By: **Alexis Garcia**

Signature of Complainant
**Nidia Trevino**
Printed Name of Complainant

**May 16, 2019** @ 8:36 a.m. at **McAllen, Texas**
Date                                                    City and State
**Juan F. Alanis**
**U.S. Magistrate Judge**
Name and Title of Judicial Officer            Signature of Judicial Officer

Attachment A

The defendant, a United States citizen, attempted to bring illegally into the United States through the Hidalgo Port of Entry an undocumented minor J.M.O.P. (male, 5 years old), a Mexican citizen, as a United States citizen. At pedestrian primary, the defendant claimed the child as her own and presented a City of Mission, Texas birth certificate bearing the name A.I.A. as proof. The defendant and child were referred into secondary due to J.M.O.P. not being able to answer basic questions.

In secondary, upon further inspection, the defendant admitted that she was not the child's mother and that the child was in fact not a citizen of the United States. The defendant stated that she does not know the child's name, who his parents are and initially claimed she was forced into bringing the child illegally. The defendant went on to say that she had been propositioned by an unknown male whom she met through a friend in Mexico. She claimed that she met the same man at an unknown location aboard a taxi on the Mexican side of the Reynosa International Bridge. She admitted that she took custody of the child, walked across the International Bridge and presented the child her own. She admitted that she used her true child's birth certificate in order to facilitate J.M.O.P's entry. The defendant stated that she was going to turn the child over to an unknown person at the Whataburger restaurant located in Hidalgo, Texas. For her services, the defendant claimed she was going to be paid but was unaware of the amount.

Database queries revealed J.M.O.P. did not have any legal status to enter the United States. Contact was made with the child's mother whom stated she was living in Louisiana. She agreed to travel to the Port of Entry to reunite with her child.